UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CORRY, | No. 2:13-cv-873-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| PUROSYSTEMS, INC., | |
| Respondent. | |

The matter is before the Court on Petitioner Jack Corry's ("Petitioner") motion for relief from judgment. (ECF No. 19.) For the same reasons outlined in the Court's previous order (ECF No. 15), Petitioner's motion is denied.

**I.     Background**

Purosystems, Inc. ("Respondent") is a Florida-based company that owns casualty cleaning and repair franchises. (ECF No. 1-2 at 4.) Petitioner entered into an agreement with Respondent in 2007. A contractual dispute arose in 2012, which proceeded to arbitration and resulted in an $85,639.53 award favorable to Respondent, which Respondent received on February 4, 2013. (ECF No. 1 ¶¶ 7, 12.)

On April 16, 2013, Respondent filed an action to confirm the award with the United States District Court for the Southern District of Florida. On January 31, 2014, that court confirmed the award. (*See Purosystems Inc. v. Corry*, 13-cv-60892 (S.D. Fl. Jan. 31, 2014), ECF Nos. 1, 29.)

On May 3, 2013, before the Southern District confirmed the award, Petitioner filed an action with this Court to vacate the arbitration award. (ECF No. 1.) On July 17, 2013, Respondent filed a motion to dismiss that action. (ECF No. 7.) On September 6, 2013, this Court granted the motion to dismiss with prejudice due to: 1) Petitioner's failure to serve its vacatur motion within three months as mandated by 9 U.S.C. § 12, and 2) Respondent's prior filing to confirm the award in Florida. (ECF No. 15.)

Petitioner now seeks relief from the Court's previous order pursuant to Fed. R. Civ. Proc. 60(b)(1), which provides, in relevant part, that the Court may provide relief from judgment on grounds of mistake, inadvertence, surprise, and excusable neglect. (ECF No. 19.)

## II. Analysis

The Court finds no grounds under Rule 60(b)(1) to depart from its previous order. Under 9 U.S.C. § 12, "[a] [n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered…." Respondent contends, and Petitioner does not dispute, that Petitioner failed to serve its motion to vacate within three months of the underlying arbitration award in this case. *See Brotherhood of Teamsters v. Celotex Corp*, 708 F.2d 488, 490 (9th Cir. 1983) (refusing to consider arguments regarding arbitration award made three months after issuance of award); *Sheet Metal Workers' Int'l Ass'n, Local No. 252 v. Standard Sheet Metal*., 699 F.2d 481, 483 (9th Cir. 1983) (running of statute of limitations bars losing party from bringing defenses). Petitioner cites no authority that would exempt his action from 9 U.S.C. § 12.

The Court also declines to take jurisdiction over this matter, pursuant to the "first to file" rule. Respondent filed its action to confirm the award in the Southern District of Florida, prior to the filing of the instant vacatur motion in this district. The Florida court noted that Petitioner had filed an action in this Court, noted that it was the first court to possess jurisdiction, and confirmed the award. (*Corry,* 13-cv-60892, ECF No. 28 at 4, fn. 1.) *See e.g. Barapind v. Reno* 225 F.3d 1100, 1109 (9th Cir. 2000) ("The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district."). Therefore, Petitioner's motion for relief from judgment (ECF No. 19) is

denied.

Dated:  November 18, 2014

_____
Troy L. Nunley
United States District Judge